UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| EDDIE JAMES MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1 07 0008 |
| v. ) | Judge Echols |
| ) | |
| OFFICER BRASIFIELD, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

## INTRODUCTION
## AND
## BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Wayne County Boot Camp in Clifton, Tennessee. He brings this action under 42 U.S.C. § 1983, naming the following defendants: 1) Officer f/n/u Brasifield; 2) Corporal f/n/u Murphy; 3) Corporal Adam Potts; 4) Captain f/n/u Oldes; and 5) Deputy Warden f/n/u Westbrooks. The defendants were employed at the Wayne County Boot Camp at the time of the alleged events that gave rise to this action. The plaintiff seeks money damages and injunctive relief, claiming that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments.

This action stems from the alleged November 14, 2006 confiscation of pills from the plaintiff's cell and subsequent disciplinary action against the plaintiff. (Complaint, ¶ IV(1), p. 1). According to the plaintiff, the pills confiscated were Rabaxin, which he describes as a muscle relaxer, and Ecotrin coated Aspirin. (Complaint, ¶ IV(1), p. 1).

The plaintiff asserts that a disciplinary writeup was dismissed against his cell mate for having the same pills. (Complaint, ¶ IV(1), p. 1). According to the plaintiff, the disciplinary action that

proceeded against him is evidence of "arbitrary or harsh treatment of African[] Americans . . . ." (Complaint, ¶ IV(2), p. 3).

The plaintiff also challenges the constitutionality of the disciplinary action against him, as well as the defendants' actions in denying him relief on appeal from the ruling of the disciplinary board, an appeal that the plaintiff pursued through the Tennessee Department of Correction (TDOC) grievance procedure. More particularly, the plaintiff avers that the charges against him were false, that the disciplinary hearing was unfair, and that the "disciplinary and grievance appeals [we]re blocked by the disciplinary officer, Corporal Murphy, and the grievance chair person . . . Corporal Adam Potts, all subordinated by . . . [D]eputy Warden Westbrooks." (Complaint, ¶ IV(2), p. 4).

Finally, the plaintiff alleges that the defendants may retaliate against him for bringing this action in federal court by transferring him to another prison. (Complaint, ¶ V, p. 8).

## ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983.*See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S.

2

319, 325 (1989). Claim lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

## Plaintiff's First Amendment Claims

### Plaintiff's Grievance Claim

The plaintiff asserts that he attempted to use the TDOC grievance process to appeal the results of the disciplinary hearing, but that his efforts to do so were blocked by the defendants.

Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Ilim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, the plaintiff cannot premise a § 1983 claim on allegations that the prison's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983) (overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 430 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Apart from the law on this issue, the Court takes judicial notice that grievance procedures for inmates incarcerated in TDOC are set forth in *TDOC Administrative Policies and Procedures*, Index # 501.01, Inmate Grievance Procedures (May 1, 2004). *See* Fed. R. Evid. 210(b); *Toth v. Grand Trunk Railroad*, 306 F.3d 335, 349 (6th Cir. 2002) (citing *Int'l Bhd. of Teamsters v. Zantop*

3

*Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968) ("Court[s] may take judicial notice of the rules, regulations, and orders of . . . agencies issued pursuant to their delegated authority.")). Matters that are inappropriate to the TDOC grievance procedure are clearly listed in Index #501.01. Such inappropriate matters include:

> [a]ppealing or seeking review of procedures or punishment imposed under established disciplinary procedures of the TDOC . . . These issues may be appealed pursuant to Policy # 502.01 (Privately managed facilities will use Policy # 9502.01 until it is incorporated into # 502.01.) . . . .

*TDOC Administrative Policies and Procedures*, Index # 505.01, ¶ VI.G.1, p. 4. As shown in the documents provided by the plaintiff, the defendants in the chain of review determined correctly that the plaintiff's disciplinary appeal was inappropriate to the grievance procedure. In other words, the defendants complied with TDOC *Administrative Policies and Procedures* – the plaintiff did not.[1]

For the reasons explained above, the plaintiff's grievance-related claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

## Plaintiff's Retaliation Claim

The plaintiff alleges that the defendants "overreact [in] mendacious ways," an apparent allegation that the defendants may retaliate against him by transferring him to another prison because he has brought this action in federal court.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct, *e.g.*, filing a lawsuit in federal court, is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). However, it is clear from the complaint that the defendants have taken no retaliatory action against the plaintiff. Rather, the plaintiff merely is

---

[1] Documentation provided by the plaintiff also shows that he was advised of the proper procedure to appeal the disciplinary board's ruling. (Complaint, Attach. TDOC Memo. dtd. 12/8/06). There is nothing in the complaint, however, to indicate that he followed the guidance provided.

4

concerned that they will. Such speculative collateral consequences of the sort alleged are insufficient to entitle the plaintiff to relief under § 1983. *See Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

For the reasons explained above, the plaintiff's retaliation claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

## Plaintiff's Eighth Amendment Claim

The plaintiff alleges that the confiscation of the pills at issue violated his "Eighth . . . Amendment right to medication . . . ."

The intentional deprivation of an inmate's <u>prescription</u> medication may constitute a violation of the Eighth Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). However, to establish that depriving him of the pills at issue violated his rights under the Eighth Amendment, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06. More particularly, an actionable Eighth Amendment claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the plaintiff's serious medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

5

The plaintiff does not allege that the pills at issue were prescription medication. On the contrary, he says that they were not. The plaintiff also does not allege that the pills were necessary to treat a serious medical condition, that confiscating the pills exposed him to a substantial risk of serious harm, or that the pills were taken from him with deliberate indifference to an existing medical condition that the pills were intended alleviate. Finally, the plaintiff does not allege that he suffered any pain, serious or otherwise, because the pills were confiscated.

For the reasons explained above, the plaintiff's Eighth Amendment claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

## Plaintiff's Fourteenth Amendment Claims

### Plaintiff's Due Process Claims

The plaintiff alleges that the manner in which the disciplinary hearing was conducted violated his right to due process because, among other things, he was not permitted to make a telephone call to ascertain the status of his grievance appeal, he was not permitted to have those in charge of the infirmary and commissary present at his hearing, and the charges against him were false.

Generally speaking, a prisoner cannot show a denial of due process absent an atypical and significant hardship, such as the loss of good-time credits. *See Sandin*, 515 U.S. at 485-87; *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Here, the plaintiff asserts that the disciplinary board imposed a four dollar ($4.00) fine against him and that his visitation privileges were suspended for six (6) months. Because the plaintiff's punishment did not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life as defined in *Sandin*, the proceedings alleged did not amount to a due process violation.

6

As to the plaintiff's claim that he was falsely accused, false accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing. *See Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) The plaintiff acknowledges that he received a hearing. Of course, he alleges that the hearing was unfair. However, as previously established, the disciplinary board's ruling has not been reversed or modified on appeal. The plaintiff's mere allegations of unfairness are insufficient to entitle him to relief under § 1983.

For the reasons explained above, the plaintiff's Fourteenth Amendment due process claims lack an arguable basis in law or fact. Therefore, they will be dismissed as frivolous.

## Plaintiff's Equal Protection Claim

The plaintiff alleges that the disciplinary action against him for possessing the pills at issue is evidence of "arbitrary or harsh treatment of African[] Americans." Although the plaintiff does not say so, the Court liberally construes the complaint to allege that the plaintiff is an African American.

To assert a Fourteenth Amendment equal protection claim, the plaintiff must prove that a state actor purposefully discriminated against him because of his membership in a protected class. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). To establish an equal protection violation, the plaintiff also must establish that discriminatory intent or purpose was a factor in the defendants' alleged actions. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1997). Finally, the plaintiff must demonstrate that he was treated differently from others with respect to whom he was similarly situated. *Id. at* 270 n.21.

7

Assuming that the plaintiff is a member of a protected class for equal protection purposes, the plaintiff does not claim that discriminatory intent was behind the defendants' alleged actions. Moreover, the plaintiff makes no effort whatsoever to show how he was treated differently from others who are not members of the same protected class but with respect to whom he was otherwise similarly situated.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are unwilling to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594 (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)). Conclusory pleadings are insufficient and will be dismissed. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). Because the plaintiff fails to support his claims with factual allegations, his claims are conclusory.

For the reasons explained above, the plaintiff's equal protection claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge